UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MICHELLE L. MANNION**, an individual, on her behalf and on behalf of all others similarly situated,<br><br>239 Lincoln Street, Amherst, OH 441001<br><br>Plaintiff<br><br>v.<br><br>**TARGET CORPORATION**, a Minnesota corporation,<br><br>1000 Nicollet Mall #2950, Minneapolis, Minnesota 55403<br><br>Defendant. | **CLASS ACTION ALLEGATION COMPLAINT FOR:**<br><br>1. Negligence<br>2. Violation of Ohio Consumers Sales Practices Act § 1345 *et. seq.*<br>3. Bailment<br>4. Conversion<br>5. Invasion of Privacy<br><br><u>CLASS ACTION ALLEGATION</u><br><br><u>JURY TRIAL DEMAND</u> |

Plaintiff Michelle L. Mannion ("Plaintiff") brings this class actions against Defendant Target Corporation ("Target"), a Minnesota corporation, and DOES 1-10 (collectively, "Defendant") on behalf of herself and all others similarly situated to obtain damages, restitution, and injunctive relief for the Class, as defined, below, from Defendant. Plaintiff makes the following allegations upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record.

## I. PARTIES

1. Plaintiff is an individual who resides at 239 Lincoln Street, Amherst, OH 44001 in this Judicial District.

2. Defendant Target Corporation is a Minnesota corporation headquartered at 1000 Nicollet Mall #2950, Minneapolis, Minnesota 55403 with 1,797 stores located throughout the United States.

1

## II. JURSDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C §1332(d)(2). In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interests and costs, and there are numerous class members who are citizens of states other than Target's state of citizenship, which is Minnesota.

4. The Court had personal jurisdiction over Target because Target is authorized to do business in the state of Ohio, and operates stores within the Judicial District.

5. Venue is proper in this Court pursuant to 28 U.S.C §1391 because target resides in this District and because Target is subject to personal jurisdiction in this District.

## III. GENERAL ALLEGATIONS

6. Target is the second-largest discount chain in the United States and, as of 2013, is ranked 36th on the Fortune 500 lists of top US companies by revenue. Millions of Americans regularly shop at Target stores.

7. Plaintiff is a regular shopper at Target Stores, and used her credit/debit card at a Target store located in this Judicial District at 8000 Oak Park Road, Amherst, Ohio 44001 on December 4, 2013 and December 5, 2013.

8. The data breach affected approximately 40 million credit cards swiped in U.S. Target stores between November 27, 2013 and December 15, 2013.

9. News of the data was published by blogger Brian Krebs on or about December 18, 2013, before Target made any attempt whatsoever to notify affected customers. (http://krebsonsecurity.com/2013/12/sources-target-investigating-data-breach/).

10. As widely reported by multiple news services on December 19, 2013: "Investigators believe the data was obtained via software installed in machines that customers use to swipe strips on their cards when paying for merchandise at Target Stores."

http://www.cbsnews.com/news/target-confirms-massive-credit-debit-card-data-breach/ (last visited December 21, 2013).

11. "The credit card information stolen from 40 million accounts has now infiltrated the global black market. The credit and debit card numbers were selling in batches of 1 million cards, for as little as $20 to a high of $100 per card."

http://www.nydailynews.com/news/national/black-market-flooded-40-million-credit-card-numbers-stolen-target-article-1.1554858 (last visited December 21, 2013).

12. The thieves could not have accessed this information and installed the software on Target's point of sale machines but for Target's negligence.

13. Target failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information comprised in the data breach.

14. As this news broke, Target finally released a statement concerning the data breach but not one designed to notify affected customers directly. Rather, Target posed a statement on its corporate website (not on the shopping site regular accessed by customers) on December 19, 2013, confirming that the information involved in this incident included customer names, credit or debit card numbers, and the card's expiration date but there is no indication that the three digit code on the back has been impacted.

https://corporate.target.com/discover/article/Important-Notice-Unauthorized-access-to-payment-ca (last visited December 21, 2013).

15. On Friday, December 27, 2013, Target announced that encrypted debit card pin numbers were also stolen in the massive security breach.

3

http://www.theguardian.com/world/2013/dec/27/target-hackers-stole-pin-numbers (last visited December 30, 2013).

16. Plaintiff's identifying and financial information was disclosed in the data breach and subsequent her entire bank account held at Lorain National Bank was depleted along with a subsequent overdraft.

## IV. CONSEQUENCES OF DEFENDANT'S CONDUCT

17. The ramifications of Target's failure to keep class members' data secure are severe.

18. The information Target lost, including Plaintiff's identifying information and other financial information, is extremely valuable to thieves. As the Federal Trade Commission ("FTC") recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance." FTC, Signs of Identity Theft, available at: http://www.consumer.ftc.gov/articles/0271-signs-identity-theft (last visited December 21, 2013). Identity theft occurs when someone uses another's personal identifying information, such as that person's name, address, credit card number, credit card expiration dates, and other information, without permission, to commit fraud or other crimes.

19. The FTC recommends acting fast to address identity theft because it recognizes that taking action quickly "can stop an identity thief from doing more damages." FTC, Immediate Steps to Repair Identity Theft, available at: http://www.consumer.ftc.gov/articles/0274-immediate-steps-repair-identity-theft (last visited December 21, 2013). The FTC urges prompt action, stating "If you suspect that someone is misusing your personal information, acting quickly is the best way to limit the damage." FTC, Signs of Identity Theft, available at: http://www.consumer.ftc.gov/articles/0271-signs-identity-

theft (last visited December 21, 2013). Additionally, the FTC recognizes that recovering from identity theft is a time-consuming task and involves work for the consumer. *Id*.

20. Identity thieves can use personal information such as that pertaining to the Class, which Target failed to keep secure to perpetrate a variety of crimes that do not cause financial loss, but nonetheless harm the victims. For instance, identity thieves may commit various types of government fraud such as: immigration fraud; obtaining a driver's license or identification card in the victim's name but with another's picture; using the victim's information to obtain government benefits; or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

21. In addition, identity thieves may get medical services using the Plaintiff's lost information or commit any number of other frauds, such as obtaining a job, procuring housing, or even giving false information to police during an arrest.

22. Annual monetary losses from identity theft are in the billions of dollars. According to a Presidential Report on identity theft produced in 2008:

> In addition to the losses that result when identity thieves fraudulently open accounts or misuse existing accounts, . . . individual victims often suffer indirect financial costs, including the costs incurred in both civil litigation initiated by creditors and in overcoming the many obstacles they face in obtaining or retaining credit. Victims of non-financial identity theft, for example, health-related or criminal record fraud, face other types of harm and frustration.
>
> In addition to out-of-pocket expenses that can reach thousands of dollars for the victims of new account identity theft, and the emotional toll identity theft can take, some victims have to spend what can be a considerable amount of time to repair the damage caused by the identity thieves. Victims of new account identity theft, for example, must correct fraudulent information in their credit reports and monitor their reports for future inaccuracies, close existing bank accounts and open new ones, and dispute charges with individual creditors.

The President's Identity Theft Task Force Report at p.21 (Oct. 21, 2008), available at http://www.idtheft.gov/reports/StrategicPlan.pdf.

23. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

GAO, Report to Congressional Requesters, at p.33 (June 2007), available at http://www.gao.gov/new.items/d07737.pdf.

24. Plaintiff and the Class she seeks to represent now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights.

25. The only remedy that Target has provided to Plaintiff and the Class she seeks to represent is offering a 10% discount to guest who shop in U.S stores on December 21st and 22nd.

## V. CLASS ACTION ALLEGATIONS

26. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on her own behalf, and on behalf of all other persons similarly situated ("the Class"). The proposed Class that Plaintiff seeks to represent is:

> All persons who used credit or debit cards at Target Corporation stores in Ohio and whose personal and/or financial information was breached during the period from on or about November 27 to on or about December 15, 2013. Excluded from the Class are Defendant; officers, directors, and employees of Defendant; any entity in which Defendant have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendant.

27. Plaintiff meets the requirements of Federal Rules of Civil Procedures 23(a) because the members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, based on information and belief, it is in the millions.

28. Plaintiff meets the requirements of Federal Rules of Civil Procedures 23(a) because there is a well-defined community of interest among the members of the Class, common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

29. This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because it involves questions of law and fact common to the member of the Class that predominate or any questions affecting only individual members, including, but not limited to:

    a. Whether Target unlawfully used, maintained, lost or disclosed Class members' personal and/or financial information;

    b. Whether Target unreasonably delayed in notifying affected customers of the data breach;

    c. Whether Target failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach;

    d. Whether Target violated the requirements of Ohio Consumers Sales Practices Act § 1345 *et. seq.*;

    e. Whether Target's conduct was negligent;

    f. Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

30. Plaintiff's claims are typical of those of other Class members because Plaintiff's information, like that of every other class member, was misused and/or disclosed by Target.

31. Plaintiff will fairly and accurately represent the interests of the Class.

32. The prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Target and would lead to repetitive adjudication of common questions of law and fact. Accordingly, class treatment is superior to any other method for adjudicating the controversy. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action under Rule 23(b)(3).

33. Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Target's violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

34. Target has acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

## VII. COUNT ONE
### Negligence

35. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

36. Target came into possession of Plaintiff's Private Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised, lost, stole, misused, and/or disclosed to unauthorized parties.

37. Target had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's Private Information.

38. Target, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care in protecting and safeguarding Plaintiff's Private Information within Target's possession.

39. Target, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's Private Information.

40. Target, through their actions/omissions, unlawfully breached their duty to timely disclose to the Plaintiff and the Class Members the fact that their Private Information within their possession had been compromised.

41. Target's negligent and wrongful breach of their duties owed to Plaintiff and the Class proximately caused Plaintiff's and Class Members' Private Information to be compromised and disseminated.

42. Plaintiff seeks the award of actual damages on behalf of the Class.

## VIII. COUNT TWO
### Violation of Ohio Consumer Sales Practices Act
### § 1345 *et. seq.*

43. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as fully set forth herein.

44. Defendants' conduct constitutes unfair or deceptive acts or practices in connection with a consumer transaction with the meaning of the Ohio Consumers Sales Practices Act § 1345 *et. seq.*

45. As a result of Defendants' unfair or deceptive acts or practices in connection with a consumer transaction, Plaintiff suffered injury in fact and lost property and money.

46. Plaintiff seeks restitution and injunctive relief on behalf of the Class.

### IX. COUNT THREE
### Bailment
### (Against All Defendants)

47. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

48. Plaintiff and the Class Members delivered and entrusted their Private Information to Defendant's for the sole purpose of receiving services from Defendants.

49. During the time of the bailment, Defendants owed Plaintiff and the Class Members a duty to safeguard this Private Information properly and maintain reasonable security procedures and practices to protect such information. Defendants breached this duty.

50. As a result of these breaches by Target, Plaintiff and the Class have suffered harm.

51. Plaintiff seeks the award of actual damages on behalf of the Class.

### X. COUNT FOUR
### Conversion
### (Against all Defendants)

52. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

53. Plaintiff and the Class Members were the owners and possessors of their Private Information. As the result of Defendant's wrongful conduct, Defendant has interfered with the Plaintiff's and Class Members' right to possess and control such property, to which they had a superior right of possession and control at the time of conversion.

54. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class Members suffered injury, damages, loss or harm and therefore seek compensatory damages.

55. In converting Plaintiff's Private Information, Defendant has acted with malice, oppression and in conscious disregard of the Plaintiff's and Class Members' rights. Plaintiff, therefore, seeks and award of punitive damages on behalf of herself and the Class.

56. Plaintiff and the Class Members did not consent to Defendants' mishandling and loss of their Private Information.

## XI. COUNT FIVE
**Invasion of Privacy – Intrusion, Public Disclosure of Private Facts, and Misappropriation of Identity**

57. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

58. Plaintiff had a reasonable expectation of privacy in the Private Information Defendant mishandled.

59. By failing to keep Plaintiff's Private Information safe, and by misusing and/or disclosing said information to unauthorized parties for unauthorized use, Defendants' invaded Plaintiff's privacy by:

 a. intruding into Plaintiff's private affairs in a manner that would be highly offensive to a reasonable person;

 b. publicizing private facts about Plaintiff, which is highly offensive to a reasonable person;

 c. using and appropriating Plaintiff's identity without Plaintiff's consent.

60. Defendants knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiff's position would consider Defendants' actions highly offensive.

61. Defendants invaded Plaintiff's right of privacy and intruded into Plaintiff's private affairs by misusing and/or disclosing Plaintiff's Private Information without her informed, voluntary, affirmative and clear consent.

62. As a proximate result of such misuse and disclosures, Plaintiff's reasonable expectations of privacy in her Private Information was unduly frustrated and thwarted for which Plaintiff has suffered damages. Defendants' conduct amounted to a serious invasion of Plaintiff's protected privacy interests.

63. In failing to protect Plaintiff's Private Information, and in misusing and/or disclosing Plaintiff's Private Information, Defendants' have acted with malice and oppression and in conscious disregard of Plaintiff's and the Class Members' rights to have such information kept confidential and private. Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

## XII. **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment as follows:

A. For an Order certifying this action as a class action and appointing their Counsel to represent the Class;

B. For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' Private Information;

B. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

C. For an award of actual damages and compensatory damages in an amount to be determined;

    D.       For an award of punitive damages;

    E.       For an award of costs of suit and attorney's fees, as allowable by law; and

    F.       Such other and further relief as this Court may deem just and proper.

### XIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of their claims to the extent authorized by law.

                      Respectfully submitted,

                      s/ Steven M. Goldberg
                      **Steven M. Goldberg (0041344)**
                      steven@smglegal.com
                      STEVEN M. GOLDBERG CO., L.P.A
                      Solon Business Campus
                      31300 Solon Road, Suite 12
                      Solon, Ohio 44139
                      440.519.9900 (Phone)
                      877.464.4652 (Fax)

                      Counsel for Plaintiff